```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

SECURITIES AND EXCHANGE    §
COMMISSION,                §
                           §
            Plaintiff,     §
                           § Civil Action No. 3:07-CV-1188-D
VS.                        §
                           §
AMERIFIRST FUNDING, INC.,  §
et al.,                    §
                           §
            Defendants.    §

MEMORANDUM OPINION

In this civil enforcement action by plaintiff Securities and Exchange Commission ("SEC") against defendants AmeriFirst Funding, Inc., AmeriFirst Acceptance Corp., Jeffrey C. Bruteyn ("Bruteyn"), Dennis W. Bowden ("Bowden"), and relief defendants American Eagle Acceptance Corp. and Hess Financial Corp., the SEC seeks entry of an order granting a preliminary injunction and other equitable relief, including continuation of a court-ordered asset freeze and receivership. For the reasons that follow,[1] and with minor exceptions,[2] the court grants the SEC's application.[3]

---

[1] As permitted by Fed. R. Civ. P. 52(a), the court sets out its findings of fact and conclusions of law in this memorandum opinion.

[2] *See infra* note 6.

[3] The SEC's application is before the court under the procedure permitted by Rule 43(e) and is being decided on the papers, without an evidentiary hearing. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 715 (N.D. Tex.) (Fitzwater, J.), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

I

The SEC sues defendants alleging that they have violated §§ 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a); § 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b); and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. The SEC alleges that since January 2006, defendants have engaged in the fraudulent and unregistered offer and sale to the public of securities in the form of "Secured Debt Obligations" ("SDOs"). According to the SEC, defendants made a series of misrepresentations and omissions to investors concerning the safety of the SDOs and the financial and securities-related disciplinary record of the principals involved. The SEC also alleges, *inter alia*, that defendants failed to register the offering and misused investor funds for undisclosed purposes, including investing them in high-risk securities and misappropriating the funds for personal use.

On July 2, 2007 the SEC applied for a preliminary injunction and for an *ex parte* temporary restraining order ("TRO") and orders freezing assets, requiring an accounting, requiring preservation of documents, mandating repatriation of assets, authorizing expedited discovery, and appointing a temporary receiver.[4] The court entered

---

[4]The SEC also filed the evidentiary appendix on which it relies in its original application and in subsequent briefing.

an order granting a TRO and freezing assets, requiring an accounting, requiring preservation of documents, requiring repatriation of assets, and authorizing expedited discovery. It also entered orders appointing a temporary receiver and scheduling the preliminary injunction application for decision. On July 17, 2007 the court extended the TRO until July 31, 2007.

In their opposition response,[5] defendants consent to entry of a preliminary injunction prohibiting further violations of the federal securities laws. *See* Ds. Mem. 2. The court need not address the merits of the SEC's preliminary injunction application insofar as it seeks relief that defendants do not oppose. Similarly, the court need not address the merits of the SEC's application to the extent it relates to requests for relief that defendants do not fairly address, such as the SEC's request for relief in the form of repatriation of funds, expedited discovery, and a sworn accounting.[6]

---

[5]The SEC moves to strike defendants' July 26, 2007 response brief as untimely, in view of the July 2, 2007 order that required defendants to file their opposition materials no later than July 24, 2007. Because the court is granting the SEC's application despite the late-filed materials, it denies the motion to strike as moot.

[6]In granting some of the relief the SEC requests, the court has allowed defendants and Relief Defendants more time to comply (e.g., in some instances where the SEC has asked that defendants and Relief Defendants be directed to act immediately, the court has allowed them three business days to act, because it has determined that this time frame is more reasonable considering the nature of the obligations imposed).

Defendants explicitly contest, however, any further imposition of asset freeze orders and continuation of the temporary receivership on the present terms. *Id*. at 2-3. Because they explicitly oppose such relief, the court will set out its reasons for granting the SEC's application insofar as it pertains to the asset freeze and continuation of the temporary receivership.

Defendants specifically object to the temporary receiver's ("Receiver's") allegations regarding the potential risk of loss to the investors and characterization of defendants' expenditures as unwarranted or improper. *Id*. at 3. They contend that the approximately $15 million "shortfall" that the Receiver has identified is due entirely to the Receiver's purportedly unnecessary write-down of automobile receivables based on his appraisal of the creditworthiness of borrowers and current collection. Defendants also rely on bank records that reflect cash receipts, contending this evidence demonstrates that the companies were profitable and fully capable of paying monthly obligations to investors. *Id*. at 4.

Defendants argue that any failures by the receivership estate to meet redemption or interest obligations to note holders will be due to the Receiver's failures and problems operating the business. They propose that Bowden be permitted to return to work and operate the business so as to protect the investors' interests, subject to whatever supervision or restrictions the Receiver deems necessary.

*Id.* at 5. Defendants also contend that the temporary asset freeze imposed on the individual defendants is unnecessary, because the income streams from Bowden's salary and "other routine payments" have "dried up" and will likely remain so. They argue that the personal asset freeze consequently serves no purpose to the receivership and can only be considered punitive.

The SEC replies that defendants have not in their response brief contested any of the substantive allegations of securities fraud, they have failed to adequately refute the Receiver's conclusions, and their request that receivership assets be returned to their control is wholly without merit.

II

A

The availability of a preliminary injunction in SEC civil enforcement actions is derived from explicit statutory authorization.[7] Under § 20(b) of the 1933 Act, 15 U.S.C. § 77t(b), and § 21(d) of the 1934 Act, 15 U.S.C. § 77u(d), the SEC may obtain injunctive relief upon "a proper showing" that there is a "reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws." *SEC v. First Fin. Group of Tex.*, 645 F.2d 429, 434 (5th Cir. Unit

---

[7]This "frees the SEC of the responsibility usually imposed on those requesting a preliminary injunction of showing risk of irreparable injury or the unavailability of remedies at law." *SEC v. Prater*, 289 F.Supp.2d 39, 49 (D. Conn. 2003) (citing *SEC v. Unifund SAL*, 910 F.2d 1028, 1036 (2d Cir. 1990)).

A May 1981) (citations omitted); *SEC v. Zale Corp*, 650 F.2d 718, 720 (5th Cir. Unit A July 1981) ("[T]he Commission is entitled to prevail [on its permanent injunction application] when the inferences flowing from the defendant's prior illegal conduct, viewed in light of present circumstances, betoken a 'reasonable likelihood' of future transgressions."); *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978) ("The critical question in issuing the injunction and also the ultimate test on review is whether defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future."); *cf. SEC v. Cavanagh*, 1 F.Supp.2d 337, 360 (S.D.N.Y. 1998) ("'[A] more substantial showing of likelihood of success, both as to violation and risk of recurrence [is required] whenever the relief sought is more than preservation of the status quo.'" (quoting *SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990)), *aff'd*, 155 F.3d 129 (2d Cir. 1998) (Reavley, J.); *SEC v. Tyler*, 2002 WL 32538418, at *2 (N.D. Tex. Feb. 21, 2002) (Solis, J.).

"The . . . showing is usually made with proof of past substantive violations that indicate a reasonable likelihood of future substantive violations." *First Fin. Group of Tex.*, 645 F.2d at 434 (citations omitted); *Tyler*, 2002 WL 32538418, at *2 (citations omitted). Additionally, "[w]hen scienter is an element of the substantive violation sought to be enjoined, it must be proven before an injunction may issue." *Tyler*, 2002 WL 32538418,

at *2 (citing *Aaron v. SEC*, 446 U.S. 680, 699-700 (1980)). "[I]n SEC civil enforcement actions for preliminary injunctive relief under the antifraud provisions of the federal securities laws . . . the proper standard of proof is the preponderance of the evidence." *First Fin. Group of Tex.*, 645 F.2d at 434.

B

The court has broad equitable power in securities fraud cases to fashion appropriate ancillary remedies necessary to grant full relief. *SEC v. Posner*, 16 F.3d 520, 521-22 (2d Cir. 1994). Moreover, the appointment of a receiver is a "well-established equitable remedy available to the SEC in its civil enforcement proceedings for injunctive relief." *First Fin. Group of Tex.*, 645 F.2d at 438 (citations omitted).

> The district court's exercise of its equity power in this respect is particularly necessary in instances in which the corporate defendant, through its management, has allegedly defrauded members of the investing public; in such cases, it is likely that, in the absence of the appointment of a receiver to maintain the status quo, the corporate assets will be subject to diversion and waste to the detriment of those who were induced to invest in the corporate scheme and for whose benefit, in some measure, the SEC injunctive action was brought.

*Id*. (discussing applicability of receivership where automatic stay in bankruptcy was in effect) (footnote omitted). In *First Financial Group of Texas* the Fifth Circuit noted that, in reviewing a district court's decision to enter a preliminary injunction in

favor of the SEC,

> [t]he prima facie showing of fraud and mismanagement, absent insolvency, is enough to call into play the equitable powers of the court. It is hardly conceivable that the trial court should have permitted those who were enjoined from fraudulent misconduct to continue in control of (the corporate defendant's) affairs for the benefit of those shown to have been defrauded. In such cases the appointment of a trustee-receiver becomes a necessary implementation of injunctive relief.

*Id.* (quoting *SEC v. Keller Corp.*, 323 F.2d 397, 403 (7th Cir. 1963)).

The court is also empowered to freeze defendants' assets to preserve the status quo and prevent dissipation of ill-gotten gains so that they remain available to fund subsequent disgorgement orders and civil penalties. *SEC v. Brooks*, 1999 WL 493052, at *2 (N.D. Tex. July 12, 1999) (Fitzwater, J.) (citing *SEC v. Schiffer*, 1998 WL 307375, at *7 (S.D.N.Y. June 11, 1998)). The court concludes that it is necessary and appropriate to use this power in this case, and the court is not persuaded that freezing the individual defendants' assets serves no purpose to the receivership and is merely punitive.

C

Having considered the SEC's briefing and its voluminous evidentiary appendix, the court finds from a preponderance of the

evidence[8] that the SEC has made "a proper showing" that there is at least a "reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws."

The court finds that there is a reasonable likelihood that defendants, acting with scienter, made material misstatements and omissions in the sale of securities, in violation of the securities laws, including § 17(a) of the 1993 Act, § 10(b) of the 1934 Act, and Rule 10b-5 promulgated thereunder. The court also finds that there is a reasonable likelihood that defendants failed to register securities offerings, in violation of § 5(a) and (c) of the 1933 Act.

The evidence establishes, *inter alia*, a reasonable likelihood that defendants and their agents, acting with scienter, encouraged investors to purchase AmeriFirst SDOs; that defendants made material misrepresentations concerning the safety of the AmeriFirst investments, including specific misrepresentations that the securities were guaranteed by a commercial bank, when they in fact were not; that the securities were adequately protected by multiple insurance policies, when they in fact were not; and that the SDOs were fully collateralized, when they in fact were not.

The evidence establishes a reasonable likelihood that

---

[8]All factual findings in this memorandum opinion are based on a preponderance of the evidence.

defendants failed to disclose Bruteyn's past bankruptcies and securities-related disciplinary sanctions, while at the same time touting his credentials and misrepresenting, *inter alia*, on the AmeriFirst website that Bruteyn still retained licenses with the National Association of Securities Dealers, when in fact he did not.

The evidence also establishes a reasonable likelihood that defendants misappropriated investor funds for personal use and benefit, commingled investor funds with defendants' funds, placed investor funds in unauthorized investment vehicles, and used investor funds for undisclosed purposes.

The court has therefore entered an order granting a preliminary injunction and other equitable relief for the reasons stated in this memorandum opinion.

July 31, 2007.

                                              _____
                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE