```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

SECURITIES AND EXCHANGE         §
COMMISSION,                     §
                                §
          Plaintiff,            §
                                § Civil Action No. 3:07-CV-1188-D
VS.                             §
                                §
AMERIFIRST FUNDING, INC.,       §
et al.,                         §
                                §
          Defendants.           §

                      MEMORANDUM OPINION
                         AND ORDER

Defendant Dennis W. Bowden ("Bowden") moves to set aside an interlocutory default judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons set out below, the court grants the motion.

                                I

On July 2, 2007 plaintiff Securities and Exchange Commission ("SEC") sued Bowden, Jeffrey C. Bruteyn ("Bruteyn"), AmeriFirst Funding, Inc. ("AmeriFirst Funding"), and AmeriFirst Acceptance Corp. ("AmeriFirst Acceptance"), alleging that they operated an investment fraud, in violation of §§ 5(a), (c), and 17(a) of the Securities Act of 1933 and § 10(b) of the Securities and Exchange Act of 1934.[1]  That same day, Bowden was personally served with the summons and the complaint.  Bowden's responsive pleading was due by July 23, 2007, but he failed to file one.  The SEC then amended its complaint on July 25, 2007, stating that it had served Bowden's

---

[1] The SEC also joined American Eagle Acceptance Corp. and Hess Financial Corp. as relief defendants.

counsel, Phillip Offill, Jr., Esquire ("Offill"). Bowden's responsive pleading to the first amended complaint was due August 6, 2007, but he again failed to file one. On August 15, 2007 the SEC moved for entry of a default judgment against him under Rule 55(b). The Clerk of Court entered the default on August 28, 2007, and the court entered an interlocutory default judgment the next day.

Before the Clerk entered the default, Bowden filed a declaration on August 21, 2007. In the declaration, Bowden expressed surprise over what he believed to be his attorney's negligence in defending him against the SEC's suit. He asserted that he had first learned of the SEC's motion for default judgment on August 20, 2007. Dissatisfied with Offill's representation, Bowden dismissed him as his counsel. He affixed to his declaration a copy of his facsimile to Offill terminating his representation. Bowden also denies in the declaration that he committed any fraud, and he insinuates that Bruteyn was responsible for any misappropriation of funds that may have occurred. Bowden's signature appears at the end of the declaration.

Bowden moves under Rule 60(b) to set aside the interlocutory default judgment. The SEC opposes the motion. Because the court holds that a default should never have been entered against Bowden, it need not address the parties' Rule 60(b) arguments.

II

Rule 55(a) permits the Clerk of Court to enter a default against any party who "has failed to plead or otherwise defend as provided by these rules[.]"  Thus the Clerk cannot enter a default against a party who has filed an answer that satisfies the requirements of Rule 8(b).  If Bowden's declaration constitutes an answer under Rule 8(b), the Clerk should not have entered the default, and Bowden is entitled to set aside the interlocutory default judgment.[2]

A

"Default judgments are a drastic remedy, not favored by the Federal Rules."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  "When the defaulting party is a pro se defendant, the Court must be especially hesitant to enter a default judgment."  *Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006).  "[A]s a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d. 90, 96 (2d Cir. 1993).

---

[2]Although Bowden was represented by counsel until August 21, 2007, at the time that Bowden filed his declaration, he was no longer represented by counsel.  The court therefore treats Bowden as a *pro se* defendant for the purposes of this motion, because deciding the motion depends entirely on whether Bowden's declaration meets the pleading standards of Rule 8(b).

Rule 8(f) directs the court to construe all the pleadings "to do substantial justice." Thus if a party has mistakenly designated a pleading, "the court shall, if justice so requires, treat the pleading as though it had the proper designation." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 918 (5th Cir. 1996) (relying on Rule 8(f)); *see also Almell Prods., Ltd. v. Seche, Inc.*, 1996 WL 734918, at *1 (N.D. Tex. Dec. 11, 1996) (Fitzwater, J.) (overlooking improper pleading designation on the basis of Rule 8(f)). "Moreover, this court and others have recognized that those unskilled in the law should not be held to strict standards of pleading. Hence, courts have developed the practice of liberally construing pro se petitions and pleadings." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (addressing requirements of Rule 8(f)).

It is therefore clear that, although Bowden's August 21, 2007 declaration is not designated as an answer to the SEC's first amended complaint, this defect does not prevent it from being treated as one, provided the other requirements of Rule 8(b) are satisfied. Rule 8(b) permits a general denial to the averments in the complaint. The pleader "may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits." Rule 8(b). In *Alonso v. Agrigenetics, Inc.*, 2004 WL 2668801 (S.D. Tex. Nov. 15, 2004), the court construed the defendant's statement of "I deny any wrongdoing alleged by

Plaintiffs in their lawsuit against me" as a sufficient general denial under Rule 8(b). *Id.* at *1. In another lawsuit more factually similar to the present case, the Clerk of Court received an informal letter from the defendant stating, "I am denying all charges brought against me." *Interscope Records*, 241 F.R.D. at 459. Because the defendant submitted the letter *pro se*, the court viewed the letter liberally as a response to the plaintiffs' motion for default judgment. *Id.* at 460. Likewise, another district court in this circuit has construed informal letters filed with the court as adequate Rule 8(b) answers to the plaintiff's complaint. *Patton v. Jefferson Parish Sheriff's Office*, 1997 WL 4568, at *1 (E.D. La. Jan. 6, 1997).

B

Based on these principles, the court assesses whether Bowden's declaration should be construed as an answer to the SEC's first amended complaint that satisfies Rule 8(b).

The SEC avers in its first amended complaint that Bowden committed securities fraud by raising money from elderly investors for AmeriFirst Funding and AmeriFirst Acceptance under the false promise that the investors' money would be conservatively invested, be insured by several layers of coverage, and pay out rates of 7% to 8%. The SEC also alleges that Bowden assisted in misappropriating a substantial portion of the invested funds so that it became impossible for AmeriFirst Funding and AmeriFirst

Acceptance to pay the promised rates of return.

In his declaration, Bowden asserts that "To the best of my belief and understanding AmeriFirst Acceptance was operating with a profit." Decl. ¶ 7. This statement directly refutes the SEC's charge against him that, because of misappropriation of funds, AmeriFirst Funding and AmeriFirst Acceptance were unable to pay investors the promised rates of return. Bowden also categorically denies having committed any fraud: "At no time did I commit fraud by any intentional or unintentional acts. At all times I made reasonable effort to protect investors and grow the business." *Id.* at ¶ 13. He avers that "I was not part of any conspiracy to defraud, dupe or scam anyone. I deny any involvement with misleading statements or exaggerations in the solicitation of investors." *Id.* at ¶ 18. And in addition to denying generally the allegations of fraud, Bowden suggests that, if there were any securities violations in connection with AmeriFirst Funding and AmeriFirst Acceptance investments, Bowden's business partner and codefendant, Bruteyn, was responsible.

Although the declaration does not expressly admit the portions of the first amended complaint that Bowden concedes to be true, considering Bowden's *pro se* status and the operation of Rule 8(f), the court liberally construes Bowden's August 21, 2007 declaration to be a Rule 8(b) answer. The Clerk of Court therefore lacked authority under Rule 55(a) to enter a default against Bowden on

August 28, 2007.

* * *

Accordingly, the court grants Bowden's September 25, 2007 motion to set aside the default judgment. The interlocutory default judgment entered against Bowden on August 29, 2007 is therefore vacated.

**SO ORDERED**.

November 29, 2007.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE