IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE          §
COMMISSION,                      §
                                 §
                Plaintiff,       §
                                 §  Civil Action No. 3:07-CV-1188-D
VS.                              §
                                 §
AMERIFIRST FUNDING, INC.,        §
et al.,                          §
                                 §
                Defendants.      §

MEMORANDUM OPINION
AND ORDER

The court-appointed temporary receiver ("Receiver") has
applied to the court for approval to sell six tracts of land within
the receivership estate ("Six Tracts").[1]  Only defendant Dennis W.
Bowden ("Bowden") objects to the proposed sale.  For the reasons
that follow, and subject to compliance with the publication
requirement addressed below, the court grants the application.[2]

I

The Receiver has retained the services of a real estate
appraiser, Crosson Dannis, Inc. ("Crosson Dannis"), to appraise the

_____

[1]The Six Tracts are located at 633 W. Division Street,
Arlington, Texas 76011; 815 Bayonne Street, Dallas, Texas 75212;
621 Fabrication Street, Dallas, Texas 75212; 717 Singleton Blvd.,
Dallas, Texas 75212; 1616 Singleton Blvd., Dallas, Texas 75212; and
2720 Sylvan Avenue, Dallas, Texas 75212.

[2]Although for purposes of this decision the court need not set
out the background facts of this receivership proceeding, they can
be found in sources such as *SEC v. AmeriFirst Funding, Inc*., 2008
WL 282275 (N.D. Tex. Feb. 1, 2008) (Fitzwater, C.J.) (civil
contempt decision).

Six Tracts.  The Receiver has also entered into two sales contracts

for the sale of the Six Tracts.   The sales price of these two

contracts——$2,550,000——exceeds  by  more  than  $800,000  Crosson

Dannis' appraised value of the Six Tracts.   Bowden objects to the

proposed sale, contending that the sales price is $461,000 below

market value.[3]  No other interested party or person affected by the

sale has objected to the application.

## II

The court has authority to authorize the sale of real estate

within the receivership estate.  *SEC v. Am. Capital Invs., Inc.*, 98

F.3d 1133, 1144-45 (9th Cir. 1996), *abrogated in part by Steel Co.

v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).   But this

power is limited by 28 U.S.C. § 2001.   *See id.* at 1137 (applying

§ 2001 to the receiver's proposed sale of real estate within

receivership estate in SEC enforcement action)*; Kirkland v. Sunset

Bay Club, Inc.*, 2006 WL 3627557, at *2 (M.D. Fla. Dec. 11, 2006)

(same).

Section  2001(b),  which  governs  court-ordered  private  real

estate sales, provides:

> After  a  hearing,  of  which  notice  to  all
> interested  parties  shall  be  given  by
> publication or otherwise as the court directs,
> the court may order the sale of such realty or

---

[3]Unlike the Receiver's application, Bowden does not submit any
expert opinions concerning the fair market value of the Six Tracts.
Instead, he bases his opinion of their fair market value on his own
experience buying and selling real estate in the relevant areas.

> interest or any part thereof at private sale
> for cash or other consideration and upon such
> terms and conditions as the court approves, if
> it finds that the best interest of the estate
> will be conserved thereby. Before
> confirmation of any private sale, the court
> shall appoint three disinterested persons to
> appraise such property or different groups of
> three appraisers each to appraise properties
> of different classes or situated in different
> localities. No private sale shall be
> confirmed at a price less than two-thirds of
> the appraised value. Before confirmation of
> any private sale, the terms thereof shall be
> published in such newspaper or newspapers of
> general circulation as the court directs at
> least ten days before confirmation. The
> private sale shall not be confirmed if a bona
> fide offer is made, under the conditions
> prescribed by the court, which guarantees at
> least a 10 per centum increase over the price
> offered in the private sale.

Bowden's opposition to the Receiver's proposed sale of the Six Tracts would ordinarily entitle him to a hearing on the issue of the fair market value of the Six Tracts. But the court perceives no need for a hearing in this case, because even if the fair market value of the Six Tracts is what Bowden asserts it to be in his opposition brief——$3,011,000——the proposed sales price for the Six Tracts is 84.7% of fair market value, well above the two-thirds statutory minimum.

Moreover, based on the evidence submitted in the Receiver's evidentiary appendix, the court finds that the proposed sale of the Six Tracts for $2,550,000 is in the best interests of the receivership estate. Although Bowden challenges Crosson Dannis' ultimate opinion of the fair market value of the Six Tracts, he

acknowledges Crosson Dannis' qualifications and professionalism.
Crosson Dannis concluded that the Six Tracts have a fair market
value of $1,744,000. Thus the proposed sales price is nearly 1½
times the expert appraisal. Furthermore, the Receiver has
submitted evidence that the relevant taxing authorities have
appraised the Six Tracts as being worth $1,440,637.00. Bowden
opposes the Receiver's evidence with his own, non-expert opinion
that the Six Tracts are worth $3,011,000.00. The court concludes
that the Receiver's proposed sale of the Six Tracts for $2,550,000
is in the best interests of the receivership estate.[4]

III

By filing his January 14, 2008 application for the sale of the
Six Tracts, the Receiver has satisfied the requirement of § 2001(b)
that all interested parties be given notice of the proposed sale
before confirmation. The Receiver must also fulfill the last
requirement of § 2001(b) and publish the terms of the proposed sale
in a newspaper of general circulation, as the court directs, at
least ten days before confirmation. The court therefore directs
the Receiver to publish the terms of the proposed sale of the Six
Tracts in *The Daily Commercial Record*. If after 10 days of such
publication no bona fide offer is made that exceeds by 10% the

---

[4]Although § 2001(b) requires that there be three independent
appraisals, because the proposed sales price of the Six Tracts is
within two-thirds of what Bowden——the only party to oppose the
Receiver's application——asserts they are worth, obtaining more
appraisals is unnecessary.

current sales price of $2,550,000, and the Receiver establishes this fact through a filing made with the court, the court will authorize the Receiver to proceed with the sale of the Six Tracts under the terms of the two sales contracts.

**SO ORDERED.**

March 11, 2008.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE