```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

SECURITIES AND EXCHANGE        §
COMMISSION,                    §
                               §
                  Plaintiff,   §
                               § Civil Action No. 3:07-CV-1188-D
VS.                            §
                               §
AMERIFIRST FUNDING, INC.,      §
et al.,                        §
                               §
                  Defendants.  §

                      MEMORANDUM OPINION
                         AND ORDER
```

Defendant Jeffrey C. Bruteyn ("Bruteyn") moves for a stay of civil discovery against him until related criminal proceedings are completed. He also seeks an evidentiary hearing to determine whether there has been impermissible cooperation between the Securities Exchange Commission ("SEC") and the Department of Justice ("DOJ") in their respective investigations of him. Concluding that special circumstances warrant a stay of civil discovery against Bruteyn, the court grants his motion for a stay. The court finds no grounds for conducting an evidentiary hearing at this time and denies that component of Bruteyn's motion.

                                I

In January 2008 Bruteyn filed a motion to quash the court-appointed temporary Receiver's subpoena to depose Godwin Pappas Ronquillo LLP ("Godwin Deposition"), which was scheduled for February 12, 2008. Included in his motion to quash is a motion to stay civil discovery against him until the Grand Jury declines to

indict him in a related criminal investigation,[1] or until he is tried and has exhausted all appeals.  The same motion also contains a request for an evidentiary hearing to determine whether the SEC and DOJ have colluded to circumvent the restriction of discovery in criminal proceedings and have thereby violated Bruteyn's Fifth Amendment rights.

The court decided the quashal motion on an expedited basis. One day before the Godwin Deposition, the court denied the motion, concluding that Bruteyn had failed to demonstrate that the scope of the deposition and of the related document subpoena were sufficiently related to a criminal investigation against him.  The court deferred rulings on Bruteyn's requests for a discovery stay and an evidentiary hearing until the completion of briefing under the normal briefing rules.

In late February, after Bruteyn was criminally charged in the Eastern District of Pennsylvania for making false statements on a passport application, Bruteyn filed a supplemental motion that focuses on a statement in an affidavit accompanying the criminal complaint that was made by a Special Agent of the Diplomatic Security Service of the United States Department of State.  This Special Agent averred: "Jeffrey BRUTEYN is the subject of a joint

---

[1]As noted below, Bruteyn also faces criminal charges in the Eastern District of Pennsylvania for making false statements on a passport application.  The court's reference to the related criminal investigation is to the one connected with Bruteyn's conduct related to the subject matter of the instant civil suit.

Federal Bureau of Investigation and Security and Exchange Commission investigation in Dallas, Texas." D. Supp. Br. Ex. 1, ¶ 2. Bruteyn submits this statement as further evidence of improper collaboration between the SEC and DOJ in investigating him.

II

The court first addresses Bruteyn's motion for a stay of civil discovery against him until completion of related criminal proceedings.

A

> There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions. Parallel civil and criminal proceedings instituted by different federal agencies are not uncommon occurrences because of the overlapping nature of federal civil and penal laws. The simultaneous prosecution of civil and criminal actions is generally unobjectionable because the federal government is entitled to vindicate the different interests promoted by different regulatory provisions even though it attempts to vindicate several interests simultaneously in different forums.

*SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 666-67 (5th Cir. Oct. 1981). "[P]rompt investigation and enforcement both civilly and criminally [are] sometimes necessary in order to protect the public interest and . . . deferring or foregoing either civil or criminal prosecutions could jeopardize that interest."

- 3 -

*Id.* at 667. "This principle is fully applicable when the SEC and [DOJ] each seek to enforce the federal securities laws through separate civil and criminal actions." *Id.* "Protection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may require prompt civil enforcement which can not await the outcome of a criminal investigation." *Id.* "In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *Id.* at 668. "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (internal quotation marks omitted) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (citation omitted)).

> Courts from other jurisdictions have outlined
> several factors that should be considered in
> determining whether "special circumstances"
> warrant a stay, including: (1) the extent to
> which the issues in the criminal case overlap
> with those presented in the civil case; (2)
> the status of the criminal case, including
> whether the defendants have been indicted; (3)
> the private interests of the plaintiffs in
> proceeding expeditiously, weighed against the
> prejudice to plaintiffs caused by the delay;
> (4) the private interests of and burden on the
> defendants; (5) the interests of the courts;
> and (6) the public interest.

*Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

B

1

The first question to be resolved is the extent to which the issues in Bruteyn's criminal case overlap with those in this civil case, because self-incrimination is more likely if there is significant overlap. *See Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("'The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.'" (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1990))). "If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139 (citing *Parallel*

*Proceedings*, 129 F.R.D. at 203).

Because no indictment has as yet been handed up against Bruteyn, the court cannot determine with certainty the degree of overlap between this SEC action and the criminal investigation. Bruteyn contends that the criminal investigation substantially overlaps with the SEC's present lawsuit, and neither the SEC nor the Receiver denies this contention. The few indications the court does have suggest that the criminal charges, if they are forthcoming, will be directed at the same conduct that forms the basis of the SEC civil suit. Thus the overlap of the criminal and civil matters weighs in favor of a stay.

2

The second factor focuses on the status of the criminal case. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct[.]" *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139. In this case, no indictment has been returned, but a criminal investigation has been underway for at least several months. Although this factor does not support Bruteyn's motion, the fact that there is no indictment against him does not preclude the granting of a stay. *See Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (holding that district court abused its discretion in denying stay of civil proceedings even though there was not yet a criminal indictment).

Although the interests of the SEC, the Receiver, and the defrauded investors in proceeding expeditiously are strong, recourse to civil discovery against Bruteyn is not necessary to obtain the relief they seek in this civil case. The SEC has already obtained a default judgment against Bruteyn. As such, the SEC's allegations against him are deemed admitted. A stay of discovery against Bruteyn will not prevent the SEC and the Receiver from obtaining full relief against Bruteyn in this lawsuit. The SEC and the Receiver concur. They explain that their recent attempts to obtain civil discovery against Bruteyn, even after his default, are in response to Bruteyn's attempt to collaterally attack the court's August 2, 2007 Receivership Order ("Amended Receivership Order") during the January 2008 civil contempt hearing.[2] The court agrees that future efforts by Bruteyn to challenge the receivership proceeding might justify taking additional discovery from him, despite his default, for the purpose of refuting his challenges to the receivership. But the propriety of the court's Amended Receivership Order is not currently an open issue.

The SEC and Receiver also stress the need to obtain a judgment

---

[2]Although for purposes of this decision the court need not set out the background facts of the receivership proceeding in this case, they can be found in sources such as *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275 (N.D. Tex. Feb. 1, 2008) (Fitzwater, C.J.) (civil contempt decision).

against Dennis W. Bowden ("Bowden"), the only defendant in this suit against whom there is no default judgment. Bruteyn does not seek a stay of all discovery in the civil action but rather a stay of discovery against him individually. Thus the stay that Bruteyn seeks would still permit the SEC to proceed in this lawsuit against Bowden. The SEC and Receiver do not specifically argue that discovery against Bruteyn is necessary to obtain a judgment against Bowden. Because it appears likely that Bruteyn would be entitled to assert his Fifth Amendment right against self-incrimination in response to most of the SEC's discovery requests, it is not clear that permitting discovery against Bruteyn would even be helpful in the SEC's efforts to obtain relief against Bowden. Moreover, if the court does grant a stay, it will permit the SEC or Receiver to petition the court to lift the stay for cause. Thus if the SEC and Receiver need civil discovery against Bruteyn and can demonstrate this need, they will be able to obtain a lifting of the stay for that purpose. In responding to Bruteyn's motion, the SEC and Receiver have failed to demonstrate a need for civil discovery against Bruteyn. Therefore, this factor strongly counsels in favor of granting a stay.

4

Because the SEC has already obtained a default judgment against Bruteyn, the ordinary burden on a defendant in parallel proceedings——being compelled to choose between invoking his Fifth

- 8 -

Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence——is not present in this case. Thus the SEC and Receiver point out that Bruteyn's interest in not incriminating himself is fully protected by invoking his Fifth Amendment rights. Even when there is no default judgment against a civil defendant, there is nothing unconstitutional about forcing him to invoke his Fifth Amendment rights in the parallel civil suit. *United States v. Kordel*, 397 U.S. 1, 7-12 (1970). But this does not mean that, absent a stay of civil discovery, Bruteyn will not face the burdens associated with discovery. "The [Fifth Circuit] has held that . . . a blanket assertion of the privilege is insufficient to relieve a party of the duty to respond to [civil discovery] questions put to him[.]" *First Fin. Group of Tex.*, 659 F.2d at 668.

> [E]ven if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense.

*Id.* (internal quotation marks and brackets omitted) (quoting *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)). If discovery against Bruteyn is not stayed, he will incur the additional expense of paying attorney's fees related to determining which discovery requests are subject to a claim of privilege and which are not. Moreover, there is always the risk that Bruteyn

might reveal more than he is constitutionally required.  The court acknowledges that this burden may prove to be comparatively modest in the context of this case, and that it ordinarily would not be enough to establish "special circumstances."  But in the context of this case (the SEC already has a default judgment against Bruteyn), the SEC and Receiver's burden of proceeding with the balance of the litigation, subject to a stay of discovery concerning Bruteyn, is even lighter.

5

The remaining factors do not favor either party.  And having weighed the respective factors and interests, the court concludes that a temporary stay of discovery against Bruteyn is appropriate.

6

Accordingly, the court grants Bruteyn's motion for a stay of discovery and stays discovery against him until such time as it is determined that the Grand Jury will not indict Bruteyn on criminal charges related to the subject matter of the instant suit or, if Bruteyn is indicted, until the criminal proceedings, including any appeals, are complete.  This stay is subject to be lifted, in whole or in part, if the SEC and/or Receiver can by motion demonstrate cause to lift the stay.

III

The court next addresses Bruteyn's motion for an evidentiary hearing to determine whether the DOJ has impermissibly collaborated with the SEC in pursuing criminal charges against Bruteyn.

A

Bruteyn requests an evidentiary hearing to determine whether considerations identified by the Supreme Court in *Kordel* mandate, *inter alia*, suppression of evidence. Even assuming that Bruteyn would be able to prove *Kordel* violations in an evidentiary hearing, such a hearing is premature. *See Kordel*, 397 U.S. at 6 (addressing evidentiary hearing to suppress evidence conducted in the *criminal* case). Until there is a criminal case, conducting a hearing would be a waste of time and resources. The court therefore denies Bruteyn's motion for an evidentiary hearing.

B

Although the timing of Bruteyn's motion is a sufficient ground to deny it, the court notes from the arguments in his brief that he has failed to demonstrate a *Kordel*-type violation.

*Kordel* prohibits the government from failing to "advise the defendant in its civil proceedings that it contemplates his criminal prosecution." *Id.* at 12; *see also United States v. Stringer*, 408 F.Supp.2d 1083, 1088-89 (D. Or. 2006) ("A government agency may not develop a criminal investigation under the auspices of a civil investigation.") (dismissing indictments against

- 11 -

defendants of SEC enforcement action, based on *Kordel*, because "[the DOJ] did not advise defendants that it anticipated their criminal prosecution" when in fact it was relying on the SEC's civil suit to build up a criminal case)). Bruteyn maintains that such a violation has occurred in this case. He posits that "[c]oncealing the existence of the criminal investigation to further civil discovery is outrageous." D. Br. 3-4. But earlier in his brief, Bruteyn acknowledges that, only one day after the SEC civil suit was filed, a DOJ attorney contacted Bruteyn's lawyer about accepting a grand jury subpoena. Thus essentially from the moment the SEC acquired its civil discovery power against Bruteyn, he was on notice that the DOJ was contemplating a criminal investigation of him. Because the DOJ did not conceal its intentions of later indicting Bruteyn, the SEC's discovery efforts against him do not appear to have violated his due process rights.

*Kordel* also prohibits a government agency from bringing a civil action "solely to obtain evidence for its criminal prosecution." *Kordel*, 397 U.S. at 11-12. The only evidence Bruteyn submits in support of his contention that the SEC filed the civil suit solely to develop a criminal case against him is the one statement from Special Agent of the Diplomatic Security Service of the United States Department of State, which refers to the "joint investigation" of Bruteyn. Even if Bruteyn were entitled to a hearing in this civil case as opposed to the criminal case that may

be forthcoming, this single comment is insufficient to justify convening an evidentiary hearing under *Kordel*.

*       *       *

For the foregoing reasons, Bruteyn's January 29, 2008 motion for stay of civil discovery, as supplemented on February 28, 2008, is granted. Discovery against Bruteyn is stayed until such time as it is determined that the Grand Jury will not indict him on criminal charges related to the subject matter of the instant suit or, if Bruteyn is indicted, until the criminal proceedings, including any appeals, are complete. Bruteyn's January 29, 2008 motion for an evidentiary hearing is denied.

**SO ORDERED.**

March 17, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE