```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION
```

SECURITIES AND EXCHANGE          §
COMMISSION,                      §
                                 §
                   Plaintiff,    §
                                 § Civil Action No. 3:07-CV-1188-D
VS.                              §
                                 §
AMERIFIRST FUNDING, INC.,        §
et al.,                          §
                                 §
                   Defendants.   §

## MEMORANDUM OPINION AND ORDER

Plaintiff Securities and Exchange Commission ("SEC") moves under Fed. R. Civ. P. 37(a) to compel defendant Dennis W. Bowden ("Bowden") to respond to two discovery requests. Bowden moves for an extension of time to respond to the SEC's discovery requests and to compel the court-appointed temporary receiver ("Receiver") to make available certain documents that are in the Receiver's custody. Because the SEC has failed to demonstrate that its two discovery requests fall within the scope of Rule 26(b)(1), the court denies the SEC's motion. Construing Bowden's motion for an extension of time as directed only to the two discovery requests at issue in the SEC's motion to compel, the court denies it. And because Bowden has not shown that the Receiver has refused Bowden access to the documents he seeks to inspect, the court denies Bowden's motion to compel.

I

In preparation for a contempt hearing held in January 2008,[1] defendant Jeffrey C. Bruteyn ("Bruteyn") deposed the Receiver. The line of questioning that Bruteyn's counsel followed revealed that he was gathering information to collaterally attack the court's August 2, 2007 Receivership Order ("Amended Receivership Order"). Asking questions related to the profitability of the AmeriFirst entities (i.e., defendants AmeriFirst Funding, Inc. and AmeriFirst Acceptance Corp.), Bruteyn's counsel implied that AmeriFirst investors were never in danger of financial loss, and therefore that appointing a receiver to liquidate the underlying business was unnecessary and harmful to investors. To counter Bruteyn's anticipated attack on the Amended Receivership Order, the SEC on December 20, 2007 served on Bowden its first request for production of documents ("first request for production") and its second set of interrogatories ("second interrogatories"). The first request for production and second interrogatories sought information related to the viability of the underlying used car business of the AmeriFirst entities.

Bowden responded to both discovery requests. Regarding the

---

[1]Although for purposes of this decision the court need not set out the background facts of this receivership proceeding, they can be found in the court's decision on the contempt motion. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275, at \*1-\*2 (N.D. Tex. Feb. 1) (Fitzwater, C.J.), *appeals docketed*, No. 08-10174 (5th Cir. Feb. 26, 2008, and No. 08-10257 (5th Cir. Mar. 20, 2008).

first request for production, Bowden objected to each request on the basis that the Receiver had seized the documents requested, and that it was more burdensome for him, than for the SEC, to produce the documents. Similarly, Bowden objected to the second interrogatories on the ground that answering them imposed on him an excessive burden, because the answers were contained in documents under the Receiver's control. Bowden argued that it was more convenient for the SEC to obtain this information from the Receiver.

The SEC responded by filing the instant motion to compel under Rule 37(a). It seeks an order requiring Bowden to respond to the two discovery requests and, alternatively, imposing Rule 37 sanctions. The SEC points out that Bruteyn's counsel attempted to undermine the court's Amended Receivership Order in the contempt hearing. Although the court prevented Bruteyn from using the contempt hearing as a means to collaterally attack the Amended Receivership Order, the SEC expresses concern that the receivership might be challenged again in the future. Thus the SEC argues that its two requests for production seek relevant information to mount a sufficient defense against such an attack. As to Bowden's objections, the SEC argues that many of the interrogatories simply require Bowden to answer from memory, without the aid of receivership documents. The SEC also posits that Bowden has had access to all receivership documents, and that even if Bowden's

burden of ascertaining the answers to the interrogatories from these documents is substantially the same as the SEC's burden, Bowden is obligated under Rule 33(d)(1) to specify the particular documents from which these interrogatories can be answered. As to the requests for production, the SEC argues that it is not more convenient for the SEC to obtain the documents from the Receiver, because most of these documents were originally maintained by Bowden, who can identify the proper documents with greater facility than can the SEC.

Bowden did not respond to the SEC's motion to compel. But one month after the SEC filed its motion, Bowden filed under Rule 6(b) a motion to enlarge time to respond to the SEC's discovery requests and to compel the Receiver to make available the documents that Bowden maintains he needs to review before responding to the discovery requests.

II

Because it may resolve Bowden's motion for enlargement of time and to compel, the court first addresses the SEC's Rule 37 motion to compel.

"'[A] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d

841, 855 (5th Cir. 2000)). "[Rule] 37(a)[(3)(B)(iii) and (iv)] empowers the court to compel the production of documents and complete responses to interrogatories upon motion by the party seeking discovery." *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). "The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *Id.* (citing *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D. Pa. 1979)). Thus, as a threshold matter, the court must determine whether the SEC's first request for production and second interrogatories seek relevant information under Rule 26(b)(1).

Rule 26(b)(1) provides, in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The SEC's only stated purpose for acquiring information related to the profitability of the AmeriFirst used car business is to protect the court's Amended Receivership Order against collateral attack. But as the court indicated in a recent memorandum opinion and order, "the propriety of the court's Amended Receivership Order is not currently an open issue." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 866065. at *3 (N.D. Tex. Mar. 17, 2008) (Fitzwater, C.J.). The

same is true today.  Because the propriety of the Amended Receivership order is not raised by a current claim or defense of any party in this suit, information that could counter arguments for dissolving the receivership does not fall within the scope of Rule 26(b)(1) for this purpose.

For "good cause," Rule 26(b)(1) expands the scope of discovery to "any matter relevant to the subject matter involved in the action."  Although obtaining evidence to continue the receivership fits within this broader range of discoverable material, the SEC has failed to demonstrate "good cause" for this information at this juncture in the case, when the validity of the Amended Receivership Order is not in dispute.

The information that the SEC seeks through the first request for production and second interrogatories may be relevant to a claim or defense of another party, but the SEC has not pointed to a purpose for this information other than defending the receivership. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information.").  It is not immediately apparent to the court how the profitability of the AmeriFirst used car business is relevant to such a claim or defense.  Because the SEC has failed to carry its burden of showing that its discovery requests seek relevant information, the court

denies the SEC's motion to compel. But because the first request for production and the second interrogatories may be relevant on some other basis, the court denies the motion without prejudice to the SEC's later establishing a valid basis to seek such discovery.

III

The court now turns to Bowden's motion to enlarge time and to compel the Receiver to grant Bowden access to receivership documents related to the AmeriFirst entities.

A

Bowden seeks an extension of time under Rule 6(b) to respond to the SEC's discovery requests. His motion does not explicitly identify, however, the specific discovery requests to which his extension motion applies. As the SEC's response brief points out, in addition to two discovery requests served on December 20, 2007, the SEC has served Bowden with numerous subsequent discovery requests.[2] Thus the court must first determine the discovery requests to which Bowden's motion for an extension applies.

Bowden refers to the SEC's discovery requests as seeking "all documents that pertain to the profitability of the AmeriFirst Company." D. Br. 2. And his only other reference to the subject matter of the SEC's discovery requests likewise points to the

---

[2]On January 28, 2008 the SEC served Bowden with its second request for admissions and third set of interrogatories. On February 7, 2008 the SEC served Bowden with its second request for production of documents and fourth set of interrogatories [P. Resp. 2].

profitability of the AmeriFirst entities. The court therefore construes Bowden's Rule 6(b) motion as applying only to the SEC's first request for production and second interrogatories because, as far as the court is aware, these are the only pending discovery requests related to the profitability of the AmeriFirst entities. As the movant, Bowden has the burden of specifying the scope of his Rule 6(b) motion, and because there is no clear indication that his motion applies to pending discovery requests other than the ones dated December 20, 2007, the court limits the scope of his motion accordingly.

The court has already held above that the SEC's December 20, 2007 discovery requests are not relevant, at least for the purpose of defending the receivership. Therefore, Bowden's motion for an extension to respond to them is denied.

B

Bowden also moves to compel the Receiver to grant him access to AmeriFirst's documents with the proper software to examine the electronic data. To the extent this motion to compel is based on Bowden's response to the SEC's December 20, 2007 discovery requests, his motion is denied as moot. Insofar as Bowden's motion to compel applies to matters beyond the December 20, 2007 requests, the court denies it because Bowden has not shown that the Receiver has failed to respond to a request to inspect the documents in his possession under Rule 34. Apart from a formal request for

inspection under Rule 34, Bowden has not presented any evidence that the Receiver has refused Bowden access to these documents. The SEC, on the other hand, has submitted evidence that Bowden has never requested—whether formally through a Rule 34 request for inspection or informally—access to the AmeriFirst documents in the Receiver's possession. Thus the court denies Bowden's motion to compel.

\* \* \*

Accordingly, the court denies the SEC's January 30, 2008 motion to compel or, in the alternative, to preclude Bowden from presenting certain evidence, and it denies Bowden's February 29, 2008 motion to enlarge time and motion to compel.

**SO ORDERED.**

April 7, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE