IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

SECURITIES AND EXCHANGE          §
COMMISSION,                      §
                                 §
                 Plaintiff,      §
                                 § Civil Action No. 3:07-CV-1188-D
VS.                              §
                                 §
AMERIFIRST FUNDING, INC.,        §
et al.,                          §
                                 §
                 Defendants.     §

                     MEMORANDUM OPINION
                         AND ORDER

    Defendant Dennis W. Bowden ("Bowden") moves to withdraw deemed admissions under Fed. R. Civ. P. 36(b). For the reasons that follow, the court grants the motion in part and denies it in part.

                                I

    On January 28, 2008 plaintiff Securities and Exchange Commission ("SEC") served Bowden with its Second Requests for Admissions containing ten separate requests. Because Bowden failed to respond on or before February 27, 2008, all ten admissions were deemed admitted. *See* Rule 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). On March 6, 2008 the SEC filed a notice of deemed admissions, in which it alerted the court to Bowden's failure to respond to its Second Requests for Admissions. On March 17, 2008 Bowden moved under Rule 36(b) to withdraw and amend eight of the

ten admissions. In his motion, he continues to admit Requests for Admissions Nos. 7 and 10. He seeks to withdraw the deemed admissions that pertain to Requests Nos. 1-6 and 8-9.

II

A

Rule 36(a) specifies that any matter admitted is

> conclusively established. In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party. An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible. This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim.

*Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (internal quotation marks omitted) (quoting Rule 36 Advisory Committee's Note, 48 F.R.D. 487, 534 (1970)). "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Id.*

"Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987); *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)).

B

As to the first prong of Rule 36(b) analysis, only six of the eight deemed admissions that Bowden seeks to withdraw and amend are relevant to the merits of this case. The first two relate to the profitability of the underlying used car business of the AmeriFirst entities (i.e., defendants AmeriFirst Funding, Inc. and AmeriFirst Acceptance Corp., collectively). The court agrees with the SEC that, even if Bowden were able to prove, contrary to his admissions, that the used car business operated at a profit every year of its operation, the SEC's task of proving its claims in the amended complaint is no more difficult than with the admissions.[1] Because withdrawing the deemed admissions to Requests for Admissions Nos. 1 and 2 would not promote the presentation of the merits of this case, the court denies Bowden's motion to withdraw with respect to these first two admissions.

But withdrawing the remaining six admissions (Requests for

---

[1] The SEC alleges that defendants were operating an investment fraud, in violation of §§ 5(a), (c), and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).

Admissions Nos. 3-6 and 8-9) would promote the presentation of the merits. The deemed admissions found in response to Requests for Admissions Nos. 3-6 all relate to the fact that the car promissory notes held by the AmeriFirst entities were not guaranteed, and that Bowden was aware of this fact. The car notes held by the AmeriFirst entities were part of their receivables that were supposed to serve as the collateral for the secured debt obligation ("SDOs") sold to investors. The question whether these receivables were guaranteed directly impacts the safety of the investment, and affects one of the SEC's principal contentions: that defendants misrepresented to investors the safety of the investment. Furthermore, the amended complaint's list of specific false and misleading statements to investors includes the statement that the AmeriFirst entities carried insurance guaranteeing its receivables. Thus the deemed admissions that pertain to Requests for Admissions Nos. 3-6 directly bear on the merits of the case.

The deemed admissions that pertain to Requests for Admissions Nos. 8-9 establish that Bowden never created a separate account for investor money within the AmeriFirst entities and that he knew investor funds would be used for purposes not disclosed to investors. Both of these admissions substantiate the SEC's allegation that defendants misappropriated investors' funds. Thus the deemed admissions that pertain to Requests for Admissions Nos. 8-9 also directly bear on the merits of the case. The court finds

that withdrawing the deemed admissions that are responsive to Requests for Admissions Nos. 3-6 and 8-9 would promote the presentation of the merits in this case.

C

Bowden must also show that withdrawing these admissions would not prejudice the SEC. "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120. That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b). *N. La. Rehab. Ctr., Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D. La. 2001). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion); *see also Le v. Cheesecake Factory Rests, Inc.*, 2005 WL 2266610, at *7 (S.D. Tex. Sept. 14, 2005) ("The necessity that the party moving for the admission prove prejudice appears to be weighed concomitantly [sic] with the diligence of the movant for withdrawal"), *aff'd*, 2007 WL 715260

(5th Cir. Mar. 6, 2007); *but see Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 Fed. Appx. 247, 248 (5th Cir. June 29, 2006) (per curiam) (referring to movant's diligence as factor independent of prejudice analysis). "This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal." *Le*, 2007 WL 715260, at *2.

The SEC argues that allowing the withdrawal of the deemed admissions will prejudice it through delay, because permitting withdrawal will force it to seek an extension of the deadlines for discovery and dispositive motions. Since the time the SEC responded to Bowden's motion to withdraw, however, the court has granted the SEC's and Bowden's joint motion to modify the scheduling order so that the discovery deadline is now November 3, 2008, and the deadline for filing dispositive motions is now December 3, 2008. Other than delay, the SEC does not cite any specific prejudice, however slight, that withdrawing the deemed admissions would cause. Bowden's excuse—that he overlooked the deadline for responding to the Second Requests for Admissions—would not ordinarily entitle a party to withdraw deemed admissions. But the SEC has failed to point to any specific prejudice beyond the delay of the discovery and dispositive motions deadlines. And because these deadlines have already been extended by joint motion, allowing Bowden to withdraw the deemed admissions

will not cause this type of prejudice.

Moreover, while Bowden has failed to present a satisfactory reason for his delinquency in responding to the SEC's Second Requests for Admissions, he was diligent in filing his motion to withdraw, doing so fewer than three weeks after the deadline had elapsed. *Cf. Le*, 2007 WL 715260, at *3 (stating that "whether the court abused its discretion in determining that plaintiffs had not acted with diligence" was a "more complex question" when plaintiffs filed their motion to withdraw nearly two months after response was due). The court finds that withdrawing the deemed admissions that pertain to Requests for Admissions Nos. 3-6 and 8-9 will not prejudice the SEC.

D

Although Bowden has met Rule 36(b)'s two requirements, the court still retains the discretion to deny Bowden's motion. *See In re Carney*, 258 F.3d at 419. The *Carney* court did not specify the grounds on which such a denial could rest when a movant has established the requirements of Rule 36(b). The SEC contends that Bowden's repeated failure to respond or adequately respond to discovery requests provides such a basis. The SEC first points to Bowden's inadequate response to two separate discovery requests served on him in late December 2007. In addition to the Second Requests for Admissions at issue in the instant motion, the SEC served Bowden with its third set of interrogatories on January 28,

2008. The SEC submits evidence that, as of March 31, 2008, Bowden had not responded to these interrogatories. Similarly, the SEC presents evidence that, as of March 31, 2008, Bowden had not responded to two additional discovery requests dated February 7, 2008.

As to Bowden's inadequate response to the December 2007 discovery requests, the court has previously held that these two discovery requests did not seek relevant information and thus Bowden was not required to respond to them. *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (Fitzwater, C.J.). Moreover, the third set of interrogatories served on Bowden along with the Second Requests for Admissions required answers only if Bowden had denied some of the statements in the Second Requests for Admissions. Because the matters in the Second Requests for Admissions were all deemed admitted on February 28, 2008, the third set of interrogatories did not require a response.

Bowden is delinquent in responding to the SEC's two discovery requests dated February 7, 2008. And he has failed to provide any reasonable excuse for his failure to respond. But of the delinquent discovery responses highlighted by the SEC, only these latter failures to respond to the two discovery requests dated February 7, 2008 tend to show dilatory conduct in discovery. Assuming that a pattern of abusive discovery tactics is a

legitimate independent basis for denying a motion to withdraw deemed admissions, the court concludes that Bowden's failure to respond to the two February 7, 2008 discovery requests is insufficient to establish such a pattern.[2] Moreover, in all of the cases cited by the SEC that rely on the movant's "dilatory" discovery conduct as a basis to deny the motion to withdraw admissions, the court also found that allowing the admissions to be withdrawn would prejudice the nonmovant. *See Kelvin Cryosystems, Inc. v. Lightnin*, 252 Fed. Appx. 469, 473 (3d Cir. Oct. 29, 2007); *Le*, 2005 WL 2266610, at *6; *Dukes v. S.C. Ins. Co.*, 590 F. Supp. 1166, 1168 (S.D. Miss. 1984), *aff'd*, 770 F.2d 545 (5th Cir. 1985).

Therefore, the court grants Bowden's motion to withdraw to the extent it seeks to withdraw the deemed admissions that pertain to Requests for Admissions Nos. 3-6 and 8-9.

* * *

Accordingly, the court grants in part and denies in part Bowden's March 17, 2008 motion to withdraw and amend deemed admissions.

**SO ORDERED.**

May 13, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]Any further late or inadequate discovery responses by Bowden may be viewed, however, as dilatory.