IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:07-CV-1188-D |
| VS. | § § | |
| AMERIFIRST FUNDING, INC., et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court-appointed temporary receiver ("Receiver") re-applies for attorney's fees and costs incurred in prosecuting a civil contempt proceeding against Jeffrey C. Bruteyn ("Bruteyn"), Phillip W. Offill, Esquire ("Offill"), and Lois Whitcraft ("Lois"). Because the Receiver's supplemental application conforms to the court's directives set forth in *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) ("Attorney Fee Ruling") (denying without prejudice, *inter alia*, Receiver's application for attorney's fees and costs) and is otherwise reasonable, the court grants the Receiver's supplemental application and awards him $105,857.64 in attorney's fees and costs against Bruteyn, Offill, and Lois, jointly and severally.

I

Earlier this year, the court held Bruteyn, Offill, and Lois in civil contempt of the court's July 2, 2007 Freeze Order for their involvement in a transfer of $431,161.00 from United Financial

Markets, Inc. to Lois in exchange for a reproduction print of a Picasso painting. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275, at *4-*12 (N.D. Tex. Feb. 1) (Fitzwater, C.J.), *appeals docketed*, No. 08-10174 (5th Cir. Feb. 26, 2008), and No. 08-10257 (5th Cir. Mar. 20, 2008). The court also held Brutyen in contempt for refusing to deliver to the Receiver a BMW vehicle, in violation of the court's receivership orders. *See id.* at *16. In its ruling, the court held that the Receiver and the Securities and Exchange Commission ("SEC") were "entitled to recover their reasonable and necessary attorney's fees and costs[.]" *Id.* at *20. The Receiver's initial application for attorney's fees and costs sought $82,282.70 for accounting work that he and his accounting firm, Weaver and Tidwell, LLP ("Weaver and Tidwell"), had undertaken in preparation for the contempt hearing; $154,660 in attorney's fees for the Receiver's counsel, Andrews Kurth, LLP ("Andrews Kurth"); and $7,875.32 in out-of-pocket expenses and fees incurred by Andrews Kurth in prosecuting the contempt proceeding. *See AmeriFirst Funding*, 2008 WL 2185193, at *1. By separate application, the SEC sought $19,360 in attorney's fees and $2,727.08 in related costs. *Id.* For reasons explained in the Attorney Fee Ruling, the court found the Receiver's and SEC's fee applications deficient in various respects and denied them both without prejudice. *Id.* at *7. The court granted the Receiver and SEC leave to file supplemental applications for attorney's fees and

- 2 -

costs that addressed the deficiencies. *Id.* The Receiver timely filed a supplemental application.[1]

In his supplemental application, the Receiver has reduced to $9,428.14 the accounting work of Weaver and Tidwell for which he seeks compensation. The Receiver has also reduced to $96,429.50 the amount of attorney's fees he seeks to recover, and he no longer requests recovery of Andrews Kurth's out-of-pocket expenses incurred in prosecuting the contempt proceeding. None of the three contemnors has filed an opposition brief.

II

A

Having reviewed the supplemental billing records for Weaver and Tidwell and Andrews Kurth, the court finds and concludes that the Receiver's supplemental application for attorney's fees and costs rectifies the deficiencies in his initial application and conforms to the directives set forth in the Attorney Fee Ruling. Without any opposition from the contemnors, and in the absence of any issues related to the reasonableness of the Receiver's fee request that warrant a *sua sponte* response from the court, the court grants the Receiver's June 26, 2008 supplemental application for payment of professional fees and expenses incurred in prosecuting the motion to show cause.

---

[1] The SEC has yet to submit a supplemental fee request, and the deadline set by the court for such a submission has already expired.

B

Without directly addressing the issue, the Receiver appears to assume in his supplemental application that, if the application is granted, the contemnors' liability for fees and costs related to prosecuting the contempt motion is joint and several. The decision to grant a complainant's attorney's fees and costs against the contemnors for successfully prosecuting a contempt proceeding rests within the court's discretion. *See, e.g., Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977). Thus in granting an application for fees and costs related to a successful contempt prosecution, the court is not required to impose joint and several liability on the contemnors, and it may apportion liability according to relative responsibility. Nevertheless, in the case of multiple contemnors, courts regularly impose joint and several liability for fees related to prosecuting a successful contempt. *See, e.g., Cannon v. Loyola Univ. of Chicago*, 676 F. Supp. 823, 831 (N.D. Ill. 1987); *Cromaglass Corp. v. Ferm*, 344 F. Supp. 924, 928 (M.D. Pa. 1972). This is so even when the contemnors are non-parties to the court's order. *See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir. 1989) (affirming district court award of attorney's fees and costs against two non-party contemnors, jointly and severally). Because the record supports awarding the Receiver's fees and costs jointly and severally among contemnors of comparatively similar

culpability, and since no contemnor has explained why such liability should not be imposed, the court will adhere to the regular practice of imposing joint and several liability in this case.

\* \* \*

Accordingly, the court holds that Bruteyn, Offill, and Lois are jointly and severally liable for the sum of $105,857.64 ($9,428.14 for Weaver and Tidwell's accounting work and $96,429.50 for Andrews Kurth's legal services).[2]  Payment of this sum is due no later than 30 days after this memorandum opinion and order is filed.

**SO ORDERED.**

August 7, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]To the extent the Receiver has already received reimbursement through general receivership fee applications for any of the fees and expenses set forth in his June 26, 2008 supplemental application for payment of professional fees, the Receiver must credit the money recovered from the contemnors for these fees to the receivership estate for the benefit of persons entitled to distributions from the estate.