IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

SECURITIES AND EXCHANGE            §
COMMISSION,                        §
                                   §
                Plaintiff,         §
                                   § Civil Action No. 3:07-CV-1188-D
VS.                                §
                                   §
AMERIFIRST FUNDING, INC.,          §
et al.,                            §
                                   §
                Defendants.        §

                         MEMORANDUM OPINION
                             AND ORDER

    The court-appointed temporary receiver ("Receiver") has filed a September 9, 2008 notice of contemnors' failure to comply with court order and request for detainment. The notice and request arise from the failure of three contemnors—one party and two nonparties—to pay the Receiver's attorney's fees and costs incurred in prosecuting a contempt motion, as this court required in an August 7, 2008 memorandum opinion and order (the "Fee Order"). *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 3260376 (N.D. Tex. Aug. 7, 2008) (Fitzwater, C.J.). The Receiver requests that contemnors be detained until they comply with the Fee Order. For the reasons explained, the court holds that the Receiver must proceed through the contempt process and that a hearing is required before contemnors can be detained. The court therefore denies the Receiver's request for detainment. If the Receiver has reasonable cause to believe that contemnors can pay the attorney's fees and costs awarded, he may move the court to issue an order directing

that contemnors show cause why they should not be held in contempt for failing to comply with the Fee Order.

I

Earlier this year, the court held Jeffrey C. Bruteyn ("Bruteyn"), who is a party-defendant, and Phillip W. Offill, Esquire ("Offill"), and Lois Whitcraft ("Lois"), who are nonparties, in civil contempt of the court's July 2, 2007 Freeze Order for their involvement in a transfer of $431,161.00 from United Financial Markets, Inc., a company largely controlled by Bruteyn, to Lois in exchange for a reproduction print of a Picasso painting. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275, at *4-*12 (N.D. Tex. Feb. 1) (Fitzwater, C.J.), *appeals docketed*, No. 08-10174 (5th Cir. Feb. 26, 2008), and No. 08-10257 (5th Cir. Mar. 20, 2008). The court also held Bruteyn in civil contempt for refusing to deliver to the Receiver a BMW vehicle, in violation of the court's receivership orders. *See id.* at *16. In its ruling, the court ordered that Bruteyn, Lois, and Offill purge themselves of the contempt by returning to the Receiver their respective parts of the $431,161.00 transfer and/or surrendering the BMW to the Receiver. *See id.* at *18-*19. The court also held that the Receiver and plaintiff Securities and Exchange Commission ("SEC") were "entitled to recover their reasonable and necessary attorney's fees and costs incurred in prosecuting the instant contempt motion." *Id.* at *20. The court later entered the Fee Order, in

which it awarded attorney's fees and costs, held Bruteyn, Offill, and Lois jointly and severally liable, and ordered that the monies be paid within 30 days. *SEC v. AmeriFirst Funding*, 2008 WL 3260376, at *1-*2. When Bruteyn, Offill, and Lois failed to comply, the Receiver filed the instant notice and request.

Bruteyn and Lois oppose the request,[1] contending that (1) under Fed. R. Civ. P. 69(a), the Receiver should have sought enforcement of the court's award of attorney's fees and costs through a writ of execution, not imprisonment; (2) the Receiver's request presupposes that the court intended the Fee Order to be enforceable by contempt; (3) if the Fee Order is enforceable by contempt, Bruteyn and Lois cannot be summarily detained without notice and a fair hearing; (4) a show cause hearing would demonstrate that Bruteyn and Lois are financially unable to comply with the Fee Order and therefore cannot be found in contempt; and (5) imprisoning Bruteyn and Lois for failing to pay the Receiver's attorney's fees is impermissible under 28 U.S.C. § 2007.

II

A

Rule 69(a) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of

---

[1] Offill has not filed an opposition response.

> the state where the court is located, but a federal statute governs to the extent it applies.

Bruteyn and Lois' argument that the Receiver is required under Rule 69(a) to seek enforcement of the Fee Order through a writ of execution rather than through detainment essentially assumes that the Fee Order is a "judgment," specifically a "money judgment." The term "judgment," as used in the Rules, "includes a decree and any order from which an appeal lies." Rule 54(a); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) ("[T]he word 'judgment' encompasses final judgments and appealable interlocutory orders."). Thus Rule 69(a)'s applicability to the Fee Order turns on whether the order is appealable. The jurisprudence that controls this question is somewhat intricate, but, in the end, the court holds that the Fee Order does not qualify as a final judgment and that Rule 69(a) is therefore inapplicable.

B

The Fee Order is properly characterized as a civil contempt sanction. "[A] civil contempt sanction [is] one whose purpose 'is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation.'" *Quilling v. Funding Res. Group*, 227 F.3d 231, 234 (5th Cir. 2000) (per curiam) (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990)). "Sentences for criminal contempt are punitive in their nature and are imposed primarily for the purpose of

vindicating the authority of the court. In contrast, sanctions for civil contempt are meant to be wholly remedial and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Yaquinto v. Greer*, 81 B.R. 870, 879 (N.D. Tex. 1988) (Fitzwater, J.) (internal quotations and citations omitted). "A judgment of civil contempt is conditional, and may be lifted if the contemnor purges himself of the contempt, while punishment for criminal contempt is unconditional." *Id.* at 879-880.

Attorney's fees and costs can be awarded as a component of civil contempt relief.

> Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance. This includes the losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance.

*Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976); *see also Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) (holding that award of attorney's fees compensated party prevailing on contempt motion "for losses or damages" sustained because of noncompliance).

C

When *a party* to a lawsuit is held in civil contempt, the order generally is not appealable until final judgment of the case-in-chief. *See S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1969) (citing *Fox v. Capital Co.*, 299 U.S. 105, 107 (1936)); *see also* 15B

Charles Alan Wright, et al., *Federal Practice and Procedure* § 3917, at 376 (2d ed. 1992) ("Final contempt adjudications, imposing sanctions, are deemed appealable as final decisions in all situations other than that of civil contempt against a party to a pending proceeding.")[2] Although the Fifth Circuit has recognized certain exceptions to this rule, none applies here. *See, e.g., W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 108 n.1 (5th Cir. 1994) (holding that modification of injunction, which is independently appealable under 28 U.S.C. § 1292(a)(1), made contempt order against party for violation of injunction appealable as well); *Lamar Fin.*, 918 F.2d at 566-67 (characterizing contempt order against party as appealable criminal contempt order because it was both punitive and coercive); *Drummond Co. v. Dist. 20, United Mine Workers of Am.*, 598 F.2d 381, 384 (5th Cir. 1979) (holding contempt order against party to be appealable where further proceedings in underlying suit were unlikely and sanctions imposed—fines not approximating plaintiff's losses—were not compensatory).

The Eleventh Circuit has recognized an exception, however, that potentially applies. It is based on a distinction the Eleventh Circuit has drawn

---

[2]"The rule that a party may not appeal a civil contempt adjudication in a pending case is designed to prevent interference with ongoing proceedings . . . ." 15B Wright, et al., *supra*, § 3917, at 376-77; *see also S. Ry. Co.*, 403 F.2d at 124 ("[A] civil contempt order issued against a party lacks the requisite finality [to establish immediate appellate jurisdiction] because its validity can be tested by an appeal from the final judgment.").

> between orders imposing a fine or penalty for contempt which may be avoided by the party purging himself of the contempt by complying with the order, and those in which a fine or penalty is imposed within a time certain that may not be avoided by some other form of compliance. The former is not appealable in an interlocutory action; the latter may be taken on appeal immediately.

*Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1515 (11th Cir. 1990) (quoting *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976 (11th Cir. 1986)). Under the exception, a compensatory contempt sanction that contains "no contingency or condition which could permit the [party contemnors] to modify or purge themselves of the sanctions imposed by the judgment of contempt"—like the court's Fee Order unconditionally awarding attorney's fees to the Receiver—is deemed to have "the requisite finality for appellate review." *Id.* at 1516. Therefore, if the court adopts the Eleventh Circuit's approach, the Fee Order would be appealable with respect to Bruteyn, who is a party to this lawsuit.

The court declines, however, to adopt the Eleventh Circuit's rule. There is no exception under Fifth Circuit law that permits a compensatory, civil sanction to be reviewed via interlocutory appeal simply because the sanction fails to allow the contemnor to purge the contempt before payment is due on a date certain. Moreover, the court is persuaded by the Ninth Circuit's reasoning in *Koninklijke Philips Electronics, N.V. v. KXD Technology, Inc.*, 539 F.3d 1039, 1044 (9th Cir. 2008), which declined to follow the

Eleventh Circuit.

> Were we to create the exception defendants urge [i.e., the one recognized by the Eleventh Circuit in *Howard Johnson*], it would contravene the Supreme Court's decision in *Fox* [*v. Capital Co.,* 299 U.S. 105 (1936)], in which the Court found $10,000 compensatory sanction to be unreviewable on interlocutory appeal . . . . [T]he $10,000 sanction in *Fox* was imposed unconditionally and thus could not be purged. In contrast to the defendants' contention in the instant case, the sanction's unconditional nature in *Fox* did not mandate a finding of interlocutory appellate jurisdiction.

*Id.* (internal quotation marks and some citations omitted). Although the policy rationale underlying the general rule prohibiting party appeals from interlocutory civil contempt adjudications (i.e., avoiding the disruption of trial court proceedings) may carry less weight with unconditional compensatory sanctions than with sanctions designed to create an incentive to comply with court orders,[3] the court is nonetheless bound by Supreme Court precedent and by the law of this circuit, which does not recognize the exception adopted by the Eleventh Circuit. Accordingly, because there has been no final judgment entered in

---

[3]Just as "[a]ppeal from civil contempt sanctions designed to assert control over future behavior is more likely to disrupt than appeal from criminal contempt sanctions designed simply to punish past misbehavior," 15B Wright, et al., *supra*, § 3917, at 401, appeal from civil contempt sanctions designed to purge the contemnor of his contempt seems more likely to disrupt than appeal from civil contempt sanctions designed only to compensate a party for obtaining contempt relief based on the contemnor's past behavior.

- 8 -

the case-in-chief terminating all claims against defendant Bruteyn, the Fee Order with respect to Bruteyn is unappealable. Because it is unappealable, the Fee Order does not qualify as a judgment, and Rule 69(a) is inapplicable as to Bruteyn.

D

"As a general rule an adjudication of civil contempt *is* final and appealable as to a *non-party*." *Petroleos Mexicanos v. Crawford Enters., Inc.,* 826 F.2d 392, 398 (5th Cir. 1987) (emphasis added).[4] Under this rule, "a contempt decision's finality and appealability is composed of two parts: (1) a finding of contempt, and (2) an appropriate sanction for that contempt." *Id.* Because the court found Bruteyn, Lois, and Offill in civil contempt and sanctioned them, *inter alia*, by requiring that they pay the Receiver's reasonable and necessary attorney's fees and costs incurred in

---

[4]"[I]t has come to be settled that a nonparty can appeal an adjudication of civil contempt even though the contempt proceeding is intimately related to the progress of a pending suit." *Id.* at 383.

> Appeal by nonparties from a civil contempt order may be as disruptive as appeal by a party, but two differences may justify the distinction. First, nonparties often are allowed to appeal orders that would not be final as to a party because of the difficulty of ensuring a meaningful opportunity to appeal later. Second, nonparties are less subject to the temptation to seek delay by intransigence and appeal—nonparty appeals are less likely to happen, and more likely to present genuinely important questions.

*Id.* at 401-02 (footnote omitted).

prosecuting the contempt motion—an amount quantified in the Fee Order—that order contains a determination of both liability and sanction. This would normally be sufficient to establish the appealability of the Fee Order with respect to Lois and Offill. *See id.* at 399 (holding civil contempt decision to be final and appealable where there was finding of contempt against the nonparty and a concomitant sanction—specifically a compensatory fine in favor of the movant for costs and expenses incurred in bringing and prosecuting the contempt hearings). But the nonparty appeal rule is inapplicable if there is a substantial congruence of interests between the nonparty and a party to the action. *See, e.g., Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 167 (7th Cir. 1997) (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 78 (1988)). Here, Lois and Offill's interests are "more than congruent with those of [defendant Bruteyn]; they are *identical* with those of [Bruteyn], given joint-and-several liability." *Id.; see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 240 F.3d 1073, 2000 WL 1835109, at *1 & n.3 (5th Cir. Nov. 27, 2000) (per curiam) (unpublished table decision) (holding that joint and several liability of nonparty attorney and party was "a factor that weighs against allowing immediate appeal" and citing *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 126 (7th Cir. 1997)). Moreover, unlike other nonparties, Lois and Offill will have an opportunity to obtain review at the end of the

case in an appeal with defendant Bruteyn, who is jointly and severally liable, and, if necessary, their payment of money can readily be reversed. *See Cleveland Hair Clinic v. Puig*, 106 F.3d at 167. The court therefore holds that because no final judgment has been entered in this case as to defendant Bruteyn, the Fee Order with respect to Lois and Offill is unappealable and the procedure prescribed by Rule 69(a) is inapplicable.

### III

Although Rule 69(a) is inapplicable, the Fee Order is enforceable by contempt.[5]

---

[5]Under Rule 69(a), a money judgment "is enforced by a writ of execution, unless the court directs otherwise." Although the "unless" clause appears to give courts the means other than execution to satisfy or compel a money judgment, "it is understood that the use of such means should be confined to those situations in which execution would be an inadequate remedy." *Robbins v. Labor Transp. Corp.*, 599 F. Supp. 705, 707 (N.D. Ill. 1984) (citing 7 J. Moore, Moore's Federal Practice ¶ 69.03[2] at 69-10 (2d ed. 1984)). Whether the Fee Order could be enforced through contempt if Rule 69(a) was applicable is an issue the court need not address.

Moreover, the court notes that the cases specifically addressing the issue are distinguishable from the present case either because there was no question that the order to be enforced was in fact a "judgment," *see Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) (appellees conceded that a consent decree is a judgment); *Hilao v. Estate of Marcos*, 95 F.3d 848, 850 (9th Cir. 1996) (no question that order, which was registered against the estate, was a judgment); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1143, 1147 (9th Cir. 1983) (no question that parties' stipulation to entry of judgment against them to pay $190,000 into escrow was a judgment), or because a different theory of finality rendered the contempt order final and therefore unenforceable by contempt, *see In re Nivens*, 2001 WL 1018219, at *3 (M.D. Ga. July 3, 2001) (finding to be without merit debtors' argument that remedy of contempt should be allowed because prior contempt order that was disobeyed was non-final, interlocutory order because, in

A

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Therefore, the Fee Order, which imposes a lawful contempt sanction, *see Cook*, 559 F.2d at 272 (holding that courts have discretion to require contemnors to pay reasonable attorney's fees incurred by moving party in obtaining contempt finding), is, like any other court order, enforceable through contempt. *See SEC v. Res. Dev. Int'l, LLC,* 217 Fed. Appx. 296, 298 (5th Cir. 2007) (per curiam) ("A party commits contempt when he violates a definite and specific order of the court requiring him to perform . . . a particular act or acts with knowledge of the court's order."); *Alexander v. Chi. Park Dist.,* 927 F.2d 1014, 1025 (7th Cir. 1991) (holding that parties must obey court orders, including contempt orders, or be held in contempt).

Furthermore, if the court finds Bruteyn, Lois, and Offill to be in contempt for their failure to comply with the Fee Order, the court "has broad discretion in assessing sanctions," *see Test Masters Educational Services*, *Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005), and it may order the civil contemnors imprisoned until they comply with the Fee Order or other conditions imposed by the court, *see FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995).

---

bankruptcy, where concept of finality is applied in a more pragmatic and less technical way, contempt order is final if order is issued and sanction is imposed).

B

Bruteyn and Lois argue that, even if the Fee Order is enforceable by contempt, they cannot be summarily detained without notice and a fair hearing. The court agrees.

> Except for a narrowly limited category of contempts, due process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent "demoralization of the court's authority before the public." If some essential elements of the offense are not personally observed by the judge, so that the [judge] must depend upon statements made by others for his knowledge about these essential elements, due process requires . . . that the accused be accorded notice and a fair hearing . . . .

*In re Oliver*, 333 U.S. 257, 275-76 (1948). Here, the alleged contempt clearly falls outside the narrow category of cases that can be punished as contempt without notice and a hearing. Bruteyn, Lois, and Offill's noncompliance—their failure to pay the Receiver's attorney's fees and costs in accordance with the Fee Order—occurred outside the court's presence. Moreover, it is well settled that a respondent to a contempt order "can defend against

- 13 -

it by showing a present inability to comply with the subpoena or order." *Petroleos Mexicanos*, 826 F.2d at 401 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). The court must provide Bruteyn, Lois, and Offill the opportunity to make this showing. Accordingly, due process requires a show cause hearing before Bruteyn, Lois, and Offill can be held in contempt of the Fee Order and detained.[6]

\*   \*   \*

The court denies the Receiver's September 9, 2008 request for detainment. If the Receiver has reasonable cause to believe that contemnors can pay the attorney's fees and costs awarded, he may move the court to issue an order directing that contemnors show cause why they should not be held in contempt for failing to comply with the Fee Order.

**SO ORDERED.**

December 11, 2008.

                               _____
                               SIDNEY A. FITZWATER
                               CHIEF JUDGE

---

[6]In view of this disposition, the court need not consider the arguments of Bruteyn and Lois that they cannot be held in contempt of the Fee Order or lawfully imprisoned under 28 U.S.C. § 2007 because of their alleged financial inability to comply with the Fee Order.